UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

**DEANN SMITH**,

        Plaintiff,                               Case No.: 11-CV-62350-Williams/Seltzer

-v.-

**CELEBRATION CRUISE**
**OPERATOR, INC.**,
a foreign profit corporation,

        Defendant.
_____/

## AMENDED COMPLAINT

    COMES NOW the Plaintiff, DEANN SMITH, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules and hereby files this Complaint against the Defendant, CELEBRATION CRUISE OPERATOR, INC., a foreign profit corporation, for damages based upon negligence and in support thereof states the following:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the current action pursuant to Article III, Section 2, of the United States Constitution, and 28 U.S.C. § 1333, given that the claims described more fully herein accrued to the Plaintiff as a result of her being injured while a passenger aboard a vessel described more fully below, which, upon information and belief, was then owned by the Defendant, CELEBRATION CRUISE OPERATOR, INC., and, which was then upon navigable waters.

2. This Court has personal jurisdiction over the Defendant, "CELEBRATION", given that upon information and belief, the said Defendant's principal address is located within Ft. Lauderdale, Florida, which is within this Judicial District, and the Defendant has sufficient

contacts and conducts continuous and not isolated activities within this Judicial District, such that the Defendant has availed itself of this Court's general personal jurisdiction.

3. The Broward Division of this Court will serve as the proper venue for this action given that upon information and belief, the Plaintiff's passenger ticket contained a "forum selection clause" providing that Division of this Court would serve as the proper venue. *See* Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991).

## THE PARTIES

4. The Plaintiff, DEANN SMITH (hereinafter "Plaintiff"), is and was at all times material hereto a natural person and resident of Houghton, MI, who had reached the age of eighteen (18) years, had not been declared incompetent in any jurisdiction, and who was and is otherwise *sui juris*.

5. The Defendant, CELEBRATION, is and was at all times material hereto a foreign profit corporation, with its principal address in Fort Lauderdale, FL, was the owner and operator of the vessel described below, and was fully licensed to operate the subject vessel as a cruise line

## STATEMENT OF FACTS

6. Upon information and belief, on or before November 10, 2010, CELEBRATION purchased and became the owner of the vessel *M/V BAHAMAS CELEBRATION*, a fully outfitted cruise liner and passenger vessel, having a length and tonnage of approximately 673 feet and 35,480 tons, respectively.

7. Upon information and belief and at all times material hereto, CELEBRATION operated the *M/V BAHAMAS CELEBRATION* as a multi-day cruise ship, departing from the Port of Palm Beach, Florida on the evening of the first day, arriving at its sole destination of Freeport,

Bahamas, in the early morning of the second day, where its passengers would enjoy onshore excursions, and returning to the Port of Palm Beach on the morning of the third day.

8. Upon information and belief, the *M/V BAHAMAS CELEBRATION* was at all material times outfitted with numerous cabins to be utilized by CELEBRATION's customers and passengers as sleeping quarters during its voyages.

9. Upon information and belief, the ship's cabins themselves were outfitted with beds, which when not in-use, would fold away and stow within or on the interior walls of the cabins.

10. Upon information and belief, the subject vessel's folding beds contained moving parts, and complicated mechanisms, which require regular maintenance and inspection to insure their proper operation and safety

11. Upon information and belief, on or before November 10, 2010, the Plaintiff boarded the *M/V BAHAMAS CELEBRATION* after either purchasing herself, or becoming the beneficial recipient of a ticket for passage aboard the subject vessel, which had been purchased from CELEBRATION.

12. Upon information and belief, the Plaintiff was assigned by CELEBRATION to cabin number 6221 aboard the *M/V CELEBRATION*.

13. Cabin number 6221 was outfitted with a folding-style bed as described above.

14. On the night of November 10, 2010, as the Plaintiff was getting into the folding-style bed in her cabin, the bed failed and collapsed causing the Plaintiff to fall to the hard flooring below, while simultaneously landing on and pinning her foot and twisting her ankle as she fell.

15. As a result of the failure and collapse of the folding-style bed, the Plaintiff suffered severe bodily injuries, and resulting pain and suffering, which are permanent and continuing, and the Plaintiff will experience these losses in the future.  The Plaintiff further incurred significant medical, nursing, and hospital costs as a result of this incident.  The Plaintiff also

lost the ability to work or earn money as a result of this incident. Finally, the Plaintiff lost the benefit of the remainder of her cruise aboard the *M/V BAHAMAS CELEBRATION*.

16. As of the date of filing of this Complaint, the Plaintiff has received no compensation in any form from either CELEBRATION or any of its agents concerning this matter.

## **COUNT I : NEGLIGENCE**

17. The Plaintiff restates and realleges paragraphs one (1) through sixteen (16) above as though fully stated herein, and further states:

18. At all times material hereto, the Plaintiff was a passenger aboard CELEBRATION's cruise ship *M/V BAHAMAS CELEBRATION*.

19. At all times material hereto, as the owner of the vessel *M/V BAHAMAS CELEBRATION*, CELEBRATION owed to the Plaintiff the duty to use reasonable care under the circumstances to ensure the safe passage of the Plaintiff during the subject voyage and to keep and maintain its vessel, including the Plaintiff's cabin, in a reasonably safe condition for use by its passengers. The Defendant, CELEBRATION, also had the duty to inspect its subject vessel and premises therein, including the Plaintiff's cabin and folding-style bed, to discover any unreasonably dangerous conditions. Finally, the Defendant, CELEBRATION, had the further duty to not create, or allow to exist, a dangerous condition on the subject vessel, and, if such a condition existed, to give notice or warning of such condition.

20. The Defendant, CELEBRATION, breached its aforementioned duties it owed to the Plaintiff, in creating and allowing a dangerous condition to exist, to wit; that prior to the failure and collapse of the subject bed, the said Defendant failed to inspect its vessel, *M/V BAHAMAS CELEBRATION*, and its premises therein, including the subject bed, and allowed the subject bed to become in a state of material disrepair for an unreasonable period of time after the said

Defendant either knew, or should have known that the subject bed was broken or in a state of material disrepair.

21. The Defendant, CELEBRATION, further breached its duty to warn the Plaintiff of the dangerous condition of the subject bed, in that at the time of the incident, there were no signs, warnings, or any other means of conveying such a warning to the Plaintiff.

22. As a direct and proximate result of the Defendant's, CELEBRATION, breach of its aforementioned duty, the Plaintiff fell to the hard ground and the pinning and twisting of her ankle under her, which caused her to suffer severe personal injuries and damages in the form of pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, and loss of enjoyment of the remainder of the subject cruise, and the loss of the ability to earn money, all of which are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, DEANN SMITH, requests this Court enter judgment in her favor and against the Defendant, CELEBRATION CRUISE OPERATOR, INC., for damages, and further grant to her all costs, fees and interest associated with bringing this action, and all further relief as this Court deems appropriate.

Dated this 3rd day of November, 2011.

*/s/Frank D. Butler*
Frank D. Butler, Esq.
Fla. Bar No.: 940585
Frank D. Butler, P.A.
10550 U.S. Hwy 19 North
Pinellas Park, FL  33782
(727)399-2222 Tel
(727)399-2202 Fax
fdblawfirm@aol.com
Counsel for Plaintiff